UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANCISCO BENITEZ,

        Plaintiff,                            No. 09-CV-13386-DT

vs.                                                Hon. Gerald E. Rosen

MICK DEDVUKAJ, et al.,

        Defendants.
_____/

ORDER VACATING STAY OF REMOVAL, VACATING
ORDER FOR APPEARANCE, AND DISMISSING
CASE FOR LACK OF JURISDICTION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on          September 4, 2009

PRESENT: Honorable Gerald E. Rosen
                    Chief Judge, United States District Court

I. INTRODUCTION

On August 26, 3009, Plaintiff Francisco Benitez, a citizen of Argentina, filed a "Complaint for Mandamus and Motion for Emergency Stay of Removal," seeking (1) to compel the adjudication of his Application to Adjust Status (Form I-485) and (2) to block his anticipated removal before a decision on his pending adjustment of status application is rendered. On August 27, 2009, the Court entered an "Order Directing Service, Response and Appearance," which directed Plaintiff to effectuate proper service of all pleadings on the Defendants, ordered the Defendants to file a response, and directed the

1

parties to appear for hearing on September 29, 2009. The August 27 Order further ordered a stay of Plaintiff's removal until further order of the Court but provided that, for good cause shown, the Defendants could move to vacate this stay.[1] On August 31, 2009, Defendants, through counsel, filed such a Motion to Vacate Stay of Removal.

Having reviewed and considered Plaintiff's Complaint, the Government's Motion, Brief and supporting documents, the Court finds that the facts and legal arguments pertinent to the parties' positions have been adequately presented in the parties' filings and now concludes that further proceedings on this matter will not aide the judicial process. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(e)(2), the Court will VACATE the Order directing further briefing and counsel's appearance and this matter will be decided on the briefs and documents filed.

The Court also finds, for the reasons set forth below, that it is without jurisdiction stay Plaintiff's removal or to adjudicate any issues pertaining thereto. Therefore, the Court will VACATE the Order staying removal and dismiss Plaintiff's Complaint, without prejudice.

## II.  FACTUAL BACKGROUND

Plaintiff Francisco Benitez, a citizen of Argentina, entered the United States in 1991 as a visitor under the Visa Waiver Program (VWP). Under the VWP, aliens from certain countries are permitted to visit the United States for 90 days or less without a visa.

---

[1] The Court's record of this matter reveals that Defendants were duly served in accordance with the August 27 Order on August 31, 2009.

*See* 8 U.S.C. § 1187(a). In exchange for this procedural benefit, VWP visitors forfeit any right to challenge their removal, except that they may apply for asylum. 8 U.S.C. § 1187(b).

Plaintiff Benitez did not depart within 90 days of his entry as he was required to do under the terms of his VWP admission. Instead, he remained in the United States illegally. In 2004, Plaintiff married Christina Djuric, a native-born United States citizen, in Naples, Florida, and in May 2005, his wife filed an immediate family immigrant visa petition, Form I-730, which was approved on December 7, 2005. The approval notice sent to Mrs. Benitez, however, specifically advised that

> The approval of this visa petition does not in itself grant any immigration status and does not guarantee that the alien beneficiary [Francisco Benitez] will subsequently be found to be eligible for a visa, for admission to the United States, or for an extension, change or adjustment of status.

*See* Plaintiff's Ex. A.

On July 18, 2007, Emilia Benitez, the daughter of Francisco and Christina Benitez was born in Detroit, Michigan.

Two years later, on August 18, 2009, as a result of a traffic stop by Sterling Heights police officers, Francisco Benitez came to the attention of the Bureau of Immigration and Customs Enforcement (ICE). ICE subsequently arrested and detained Plaintiff and on August 26, 2009, the ICE District Director ordered Plaintiff removed on the basis that he had violated the conditions of his admission by having overstayed the 90-day admission period provided for under the VWP. *See* Order of Deportation,

Defendants' Ex. 1.² Pursuant to the Order of Deportation, Plaintiff has been scheduled for removal, and ICE has obtained an itinerary for Plaintiff's flight to Argentina on September 10, 2009.

On August 25, 2009, in anticipation of the then soon-to-be-issued removal order, Mr. Benitez filed an application to adjust his status to that of a lawful permanent resident, based upon the approval of his wife's immediate family immigrant petition. He now asks this Court to compel the adjudication of his adjustment of status and to order that his removal be stayed pending a decision on his application for adjustment.

### III. DISCUSSION

The REAL ID Act of 2005, codified at 8 U.S.C. § 1252, *et seq.*, significantly narrowed the scope of judicial review for removal orders in immigration cases and essentially stripped district courts of jurisdiction over such cases. Section 106(a) of the REAL ID Act amended section 242 of the Immigration and Nationality Act (the "INA"), 8 U.S.C. § 1252, to make clear that district courts do not have jurisdiction, habeas or otherwise, to review any removal order for any alien. Among the amendments, the REAL ID Act added subsection 242(a)(5), 8 U.S.C. § 1252(a)(5), which provides that a petition filed with the appropriate court of appeals "shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this

---

² Although Plaintiff provided the Court with numerous documents, he failed to provide a copy of, or even mention that, an Order of Deportation has already been entered.

chapter, except as provided in subsection (e) of this section [pertaining to injunctive relief from exclusion orders and class actions]."

Section 242(g) of the amended INA, 8 U.S.C. § 1252(g) emphasizes the exclusivity of appellate court jurisdiction and specifically precludes this Court from exercising jurisdiction over this matter. It provides:

> Except as provided in this section and ***notwithstanding any other provision of law*** (statutory or nonstatutory), ***including section 2241 of title 28, United States Code***, or any other habeas corpus provision, and ***sections 1361***[pertaining to district court jurisdiction over mandamus actions] ***and 1651*** [pertaining to the court's authority to issue writs in aid of the court's jurisdiction] ***of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien*** under this chapter.

8 U.S.C. § 1252(g) (emphasis added).

Plaintiff's complaint here is brought pursuant to the Court's mandamus jurisdiction as provided in 28 U.S.C. § 1361. The Court entered its stay of removal pursuant to 28 U.S.C. § 1651. The REAL ID amendments to section 242(g), however, stripped this Court of its jurisdiction under these sections with respect to removal of aliens. Exclusive jurisdiction lies in the Sixth Circuit Court of Appeals.

The channeling of jurisdiction to the circuit courts applies both to direct and indirect challenges to an alien's removal order. *Nwankoso v. Department of Homeland Security*, 2006 WL 212368 at *1 (N.D.N.Y. 2006); *see also Novas v. ICE*, 202 Fed. Appx. 115 (3d Cir. 2008).

*Novas* is substantially similar to this case. Javier Novas, a citizen of Argentina,

5

entered the United States in 1999 under the VWP, and in 2005, he married a United States citizen. *Id*. at 117. His wife filed an immediate relative petition in 2006, but later withdrew it. *Id.* In January 2007, Novas was detained during a routine traffic stop. *Id.* His immigration status as a VWP visa overstay was discovered and ICE took him into custody and ordered him summarily removed. *Id.* Two weeks later, Novas's wife re-filed the spousal petition. *Id.*

Claiming that he had not received a copy of the removal order until his attorney requested it in March 2007, Novas filed an "Emergency Petition for Writ of Habeas Corpus to Stay Removal" in the District Court for the Middle District of Pennsylvania seeking a stay of removal pending the adjudication of his adjustment of status application. *Id.* at 118. The government moved to dismiss arguing that Novas's actions should be construed as a petition for review over which the Third Circuit, not the district court, had jurisdiction. *Id*. In response, Novas asserted that he was not challenging his removal order but was instead claiming, just as Plaintiff Benitez claims in this case, a violation of his constitutional right to due process. *Id.* The district court rejected this argument and dismissed the petition, finding that the gravamen of Novas's complaint was a challenge to his removal order. *Id.*

The Third Circuit affirmed the district court's decision finding that Novas's motion for an emergency stay sought to delay removal so that he could adjudicate his status a spouse of a U.S. citizen. The court reasoned that "[t]o the extent Novas raised any colorable claim, it was the due process claim. . . and the District Court properly

6

construed that as a direct challenge to the order of removal." *Id.*  Therefore, the Third Circuit concluded that "Novas's motion did properly belong before this court pursuant to 8 U.S.C. § 1252(a)(5) ('[A] petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal. . . .')". *Id.* at 118-119.

Here, Plaintiff filed his application to adjust his status only one week ago and only after he was discovered to have overstayed his 90-day VWP admission by over eight years, in order to avoid the consequences of his removal order.  Plaintiff cannot circumvent the REAL ID Act's review provisions and express limitation of district court jurisdiction by claiming that he is pursuing in this court a due process claim that is somehow distinct from his removal order.  *See Nwankoso, supra*, 2006 WL 212368, at *1 (disallowing indirect challenge to removal order); *Ginters v. Cangemi*, 419 F. Supp. 2d 1124, 1131 (D. Minn. 2006 (while petitioner's action "does not challenge his removal *per se*. . . a review [of the visa petition] by this Court resulting in a favorable determination for [petitioner] would indirectly challenge the validity of the removal order"); *see also Yzo v. Gonzales*, 2007 WL 1840145 (E.D. Mich. 2007) (Zatkoff, J.).

In *Yzo*, the petitioner, who had been lawfully temporarily admitted to the United States, had been unsuccessful with his petition for asylum.  He was subsequently taken into ICE custody and was ordered removed.  Yzo filed a petition for a writ of habeas corpus in the district court.  Upon receipt of the petition, the court entered an order directing service and stayed the deportation.  The government responded and moved to

lift the stay. Finding that the REAL ID Act stripped the district court of jurisdiction over such matters, Judge Zatkoff vacated the stay and dismissed Yzo's habeas petition, without prejudice. In so doing, Judge Zatkoff rejected the petitioner's argument that he was not challenging his order of removal but was instead asserting claims of Fifth and Sixth Amendment deprivations. The court reasoned:

> [A]lthough Petitioner challenges his detention, the fact of the matter is that his detention is only illegal if the order of removal was erroneously entered. **If the order of removal is valid, so is the BICE's action in detaining him. At this time, therefore, Petitioner's true objective is, and must be, to challenge the order of removal** entered by the Immigration Judge and upheld by the BIA. His argument that he has "not had a meaningful opportunity to address. . . his meritorious asylum claim, and . . . the propriety of his release from detention" exemplifies that objective.

2007 WL 1840145 at *3.

## CONCLUSION

For all of the foregoing reasons, the Court concludes that it lacks jurisdiction to stay Plaintiff's removal or to adjudicate any issues pertaining thereto, including the effect of his tardy application for adjustment of status on the order of removal. Jurisdiction over this matter lies exclusively in the Sixth Circuit Court of Appeals. Therefore,

IT IS HEREBY ORDERED that Defendants' Motion to Vacate Stay of Removal **[Dkt. # 11]** is GRANTED. Accordingly,

IT IS FURTHER ORDERED the August 27, 2009 Order staying Petitioner's removal **[Dkt. 2]** is hereby VACATED.

8

IT IS FURTHER ORDERED that this case is DISMISSED, WITHOUT PREJUDICE.

                    s/Gerald E. Rosen
                    Chief Judge, United States District Court

Dated: September 4, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 4, 2009, by electronic and/or ordinary mail.

                    s/Ruth Brissaud
                    Case Manager